GREENBROS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 49636.   Filed November 10, 1954.

*James F. Shea, Jr., Esq.,* for the respondent.
*Philip A. Cohen, Esq.,* for the petitioner.

#### OPINION.

VAN FOSSAN, *Judge:* Petitioner is an Ohio corporation engaged in the business of rectifying spirits. Respondent determined a deficiency of $4,260.62 in petitioner's income tax for 1950 consequent on his holding that the sale by petitioner of whiskey warehouse certificates representing 300 barrels of whiskey was taxable as ordinary income and not as long-term capital gain.

About December 1, 1949, the taxpayer purchased negotiable warehouse certificates or receipts for 1,000 barrels of whiskey, paying $83,908.09. On December 9, 1950, the taxpayer sold warehouse certificates covering 300 barrels out of such 1,000 barrels at a profit of $26,568.61. The remainder of the lot of certificates covering 700 barrels was sold in years subsequent to 1950.

The taxpayer included as of January 1, 1950, the cost of the 1,000 certificates in its inventory of raw materials. In its tax return for

1949 the taxpayer listed such item in its inventory. On December 31, 1950, the petitioner made appropriate entries to eliminate the whiskey certificates from its opening and closing inventories for 1950.

Petitioner had no license to distill liquors. It purchased the certificates with the intention of holding them until the whiskey, represented by the certificates, was 4 years old and then having the whiskey bottled in bond. The idea of having the whiskey bottled in bond was abandoned about a year after the purchase of the certificates representing 1,000 barrels, whereupon certificates for 300 barrels were sold. The certificates were not sold through taxpayer's salesmen but through a broker. They were not sold to customers of taxpayer and taxpayer did not know who the purchaser was.

Petitioner was not in the business of buying and selling whiskey certificates and was not listed by any organization purporting to list such dealers. It did not advertise itself as a dealer and the sale of the certificates for 300 barrels was an isolated transaction having no connection with petitioner's business of rectifying spirits. Petitioner never took possession of the whiskey represented by the certificates.

In our judgment, the sale of the certificates covering 300 barrels was a sale of a capital asset and should be treated as such. For a full discussion of section 117, Internal Revenue Code of 1939, here pertinent, and the underlying problems involved, see *Thomas E. Wood*, 16 T. C. 213. See also *Cedar Valley Distillery, Inc.*, 16 T. C. 870. In such cases whiskey certificates are classified as capital assets.

In the instant case the certificates were not held for sale to customers in the ordinary course of petitioner's trade or business. The fact that the certificates were erroneously taken up in petitioner's inventory and later removed therefrom is not fatal to petitioner's contention. Petitioner had held the certificates more than 6 months.

We hold that the sale here involved resulted in long-term capital gain and not in ordinary income.

*Decision will be entered for the petitioner.*